O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2665 AHM (RCx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | THE INSIDE EDGE, LLC  v. MIKE NELSON, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:           Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

The Inside Edge, LLC ("The Inside Edge"), a California limited liability company, filed this action in the Superior Court of the State of California on March 20, 2008, against Defendants Mike Nelson; Redwood Publications, LLC ("Redwood"); Construction Trader; and Does 1 through 25.[1]  Defendants Nelson and Redwood (collectively "Defendants") removed the action to this Court on April 23, 2008.  Redwood, an Arizona limited liability company, then filed a counterclaim against The Inside Edge and Christopher Christopherson ("Counterdefendants"), the alleged owner and operator of The Inside Edge, on May 20, 2008.  After a June 23, 2008 scheduling conference, this Court ordered the parties to stipulate to the choice of law to be applied in this action, and if they were unable to do so, to file contention papers.[2]  The parties filed their papers on September 15, 2008.

For the reasons set forth below, the Court rules that Arizona law shall govern the parties' contract law claims, and California law shall govern the parties' tort law claims.

---

[1] Defendants Mike Nelson and Redwood Publications, LLC deny that Construction Trader is a business entity.  They aver that it "is the name of the periodical published by Defendant Redwood that is the subject of the Services Contract . . . and is not properly named as a defendant in this case."  First Am. Answer ¶ 3.

[2] Docket No. 20.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2665 AHM (RCx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | THE INSIDE EDGE, LLC  v. MIKE NELSON, *et al.* | | |

## II.    BACKGROUND

Plaintiff's claims relate to two alleged contracts setting forth terms for Defendants' solicitation of advertising for Plaintiff's publication.  The first contract was allegedly executed in October 2007; the second in January 2008.  There are four causes of action: (1) fraudulent inducement of contract; (2) fraudulent inducement of an alleged second contract; (3) fraud; and (4) breach of contract.  The first cause of action relates to the October contract; the second to the January contract; and the third and fourth to both contracts.  The October contract contains a choice-of-law provision that states "[t]his Agreement shall be interpreted under the laws of Arizona."  *See* Def. Brief at Ex. A, ¶ 14. The January contract does not contain a choice-of-law provision.  *See* Def. Brief at Ex. B.

Defendants allege that the second (January) contract "was not agreed to by Redwood, and that plaintiff simply signed a signature page defendants previously provided for another version of the proposed contract and attached it to a contract other than the one discussed by the parties."  First Am. Answer ¶ 12; *see also* Def. Brief at 1 (". . . Redwood never executed the version referenced by Plaintiff in its Complaint.") Defendants further assert that Redwood "did provide to Plaintiff a different, executed version of [Plaintiff's January contract]," that Plaintiff did not execute Defendants' version, and that Defendants' version "contained a choice of law provision providing for the application of Arizona law: "[a]ll disputes will be governed by the laws of Maricopa County, AZ . . ."  Def. Brief at 1-2, Ex. C.

On May 20, 2008, Defendant Redwood filed a counterclaim alleging four causes of action against The Inside Edge and its alleged owner and operator, Chris Christopherson: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing as against The Inside Edge; (3) fraud as against The Inside Edge and Christopherson; (4) misrepresentation as against The Inside Edge and Christopherson; (5) conversion as against The Inside Edge.

///
///
///
///

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2665 AHM (RCx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | THE INSIDE EDGE, LLC  v. MIKE NELSON, *et al.* | | |

## III.     DISCUSSION

### A.     Contract Claims

Both sides agree that the only substantive difference between California and Arizona contract law concerns the award of attorney's fees.  Pl. Brief at 2 ("it appears that the only substantive difference between Arizona and California contract law related to this action is the recovery of attorneys fees . . . ."); Def. Brief at 4 ("The only difference is that under California law, attorneys' fees are recoverable in contract cases only when there is a contractual provision authorizing their reciprocal recovery . . . ."). Under California law, the court may award fees only if a provision in the relevant contract allows for their recovery.  CAL. CIV. CODE § 1717 (2008); *Brittalia Ventures v. Stuke Nursery Co., Inc.*, 62 Cal. Rptr. 3d 467, 476-79 (2007).  Under Arizona law, the court may award the successful party reasonable attorney fees "[i]n *any* contested action arising out of a contract . . . ."  ARIZ. REV. STAT. § 12-341.01 (2008) (emphasis added).

Defendants contend that Arizona law governs the parties' contract-based claims. Def. Brief at 5.  Although Plaintiff  and Counterdefendant Christopherson contend that California law governs, they also state that

> Plaintiffs will stipulate that the prevailing party may recover attorney's fees under Arizona law so long as Plaintiffs' stipulation is not deemed and/or construed as an admission or acknowledgment concerning which one of the parties' two agreements controls.  In the alternative, if such a stipulation cannot be entertained by the court, California law should control.

Pl. Brief at 5.  Earlier in their brief, Plaintiffs also state,

> To be clear, if the recovery of attorney's fees is the only difference in the two state's contract laws related to this action, Plaintiffs will agree that the winning party may recover attorney's fees consistent with Arizona law so long as Plaintiffs' agreement is not deemed and/or construed as an admission concerning which of the parties' two agreements controls . . . .

*Id.* at 2.  Given that both sides agree that the only substantive difference between Arizona

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2665 AHM (RCx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | THE INSIDE EDGE, LLC v. MIKE NELSON, *et al.* | | |

and California law is the recovery of attorneys fees, the Court will construe these statements as a stipulation by Plaintiff-Counterdefendants to the application of Arizona law to the contract claims, including those for breach of contract and breach of implied covenant of good faith. Although the Court will not consider that Plaintiff-Counterdefendants have made any admission as to which of the two agreements controls, if the Court must resolve the question as a matter of law, it will apply Arizona law in doing so.

**B. Tort Claims**

The question of which law governs the parties' tort claims—fraudulent inducement of contract, fraud, misrepresentation,[3] and conversion—is decided by California's choice-of-law rules, because California is the forum state. *Sutter Home Winery v. Vintage Selections*, 971 F.2d 401, 407 (9th Cir. 1992) ("Claims arising in tort are not ordinarily controlled by a contractual choice of law provision. . . . Rather, they are decided according to the law of the forum state." (citations omitted)); *Consolidated Data Terminals v. Applied Digital Data Sys.*, 708 F.2d 385, 390 n.3 (9th Cir. 1983) (applying choice of law rules of forum state to tort issues).

In analyzing a choice-of-law issue,

> California courts apply the so-called governmental interest analysis, under which a court carefully examines the governmental interests or purposes served by the applicable statute or rule of law of each of the affected jurisdictions to determine whether there is a "true conflict." If such a conflict is found to exist, the court analyzes the jurisdictions' respective interests to determine which jurisdiction's interests would be more severely impaired if that jurisdiction's law were not applied in the particular context presented by the case.

*Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 100 (2006) (citations omitted). *See also Consol. Data Terminals*, 708 F.2d at 390 n.3 ("California law requires an

---

[3] It appears that Counterclaimant Redwood is asserting a tort claim, as it makes no mention of any contract in the portion of its Counterclaim addressing misrepresentation. Counterclaim ¶¶ 47-54.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2665 AHM (RCx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | THE INSIDE EDGE, LLC v. MIKE NELSON, *et al.* | | |

analysis of the interests of states involved to determine the law that most appropriately applies to each issue."); *Sinclair v. Servicemaster Co.*, 2007 WL 2254448 at *3 (E.D. Cal. 2007) (same, quoting *Consolidated Data Terminals*).

Because all parties contend, and the Court agrees, that (putting aside the contractual choice-of-law provision) California has a more substantial interest in this dispute than Arizona, the Court need not analyze whether there is a significant conflict between California and Arizona tort law.

Although Plaintiff-Counterdefendants do not specifically discuss the tort claims in their brief, they assert that "California has the most significant relationship to the transaction and the parties," because "[t]he contract was executed by Plaintiffs in California, Plaintiffs' domicile is in California, Defendants represented to the public on their website that they had an office in Agoura at Plaintiffs' operation, and the performance (i.e., soliciting advertisers from the inside call center) occurred in California." Pl. Brief at 5. Defendants contend that California law governs these claims given "the presence of Plaintiff in California and the selection of California as the forum state." Def. Brief at 5.

California's interest in this case favors the application of California tort law.

**IV.   CONCLUSION**

Accordingly, and good cause appearing therefor, the Court will apply Arizona law to the contract claims and California law to all other claims.[4]

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[4] This Order addresses docket numbers 20, 25, 26.